AO 241 (Rev. 09/17)

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northen District of Ohio |
|---|---|
| Name (under which you were convicted): Jack Zeigler | Docket or Case No.: |
| Place of Confinement: Marion Correctional Institution | Prisoner No.: A804824 |
| Petitioner (include the name under which you were convicted) Jack Zeigler | v. Respondent (authorized person having custody of petitioner) George Frederick |
| The Attorney General of the State of: Ohio | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Trumbull County Court of Common Pleas

   (b) Criminal docket or case number (if you know): 2022CR672

2. (a) Date of the judgment of conviction (if you know): 12/10/2023

   (b) Date of sentencing: 12/09/2023

3. Length of sentence: 1Aggregate Sentence, 10.00 - Life

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   The conviction, here, is for three counts of Rape in violation of R.C. 2907.02 (first-degree felonies) with an indefinite prison term of 10 years to Life, two counts of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04 (fourth-degree felonies) with 18-month terms, one count of Gross Sexual Imposition in violation of R.C. 2907.05 (a third-degree felony) with a 5-year term, and one count of Compelling Prostitution in violation of R.C. 2907.21 (a third-degree felony) with a 5-year term; all sentences run concurrently, resulting in a controlling sentence of 10 years to Life.

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty ☐ (3) Nolo contendere (no contest)
   ☑ (2) Guilty     ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? Not applicable.

   (c) If you went to trial, what kind of trial did you have? (Check one)

     ❒ Jury    ❒ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ❒ Yes    ❒ No

8.   Did you appeal from the judgment of conviction?

     ❒ Yes    ❒ No

9.   If you did appeal, answer the following:

   (a) Name of court: Court of Appeals of Ohio for the Eleventh District

   (b) Docket or case number (if you know): 2024 TR 00005

   (c) Result: Affirmed

   (d) Date of result (if you know): 08/04/2024

   (e) Citation to the case (if you know): State v. Zeigler, 2024-Ohio-2953

   (f) Grounds raised: On appeal, Mr. Zeigler raised a single assignment of error, arguing that the trial court plainly erred in finding him competent to stand trial despite his IQ score of 62, asserting that a defendant with an IQ below 70 is incompetent to assist counsel or to understand the nature and objective of the proceedings.

   (g) Did you seek further review by a higher state court? ☑ Yes   ❒ No

    If yes, answer the following:

    (1) Name of court: Ohio Supreme Court

    (2) Docket or case number (if you know): 2024-1287

    (3) Result: Jurisdiction Declined

Page 3 of 16

AO 241 (Rev. 09/17)

   (4) Date of result (if you know): 11/25/2024

   (5) Citation to the case (if you know): State v. Zeigler, 2024-Ohio-5529

   (6) Grounds raised: Identical to the gorunds, supra.

  (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

   If yes, answer the following:

   (1) Docket or case number (if you know):

   (2) Result:

   (3) Date of result (if you know):

   (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

 (a) (1) Name of court: Trumbull Common Pleas

   (2) Docket or case number (if you know): Motion for re-sentencing, pro se.

   (3) Date of filing (if you know): 06/15/2025

   (4) Nature of the proceeding: Sentencing challenge.

   (5) Grounds raised: This was a pro-se petition, attacking the legality of the sentence as well as its fairness.

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
    ☐ Yes ☑ No

   (7) Result: Denied, appeal pending in Eleventh District No. 2025 TR 00050.

AO 241 (Rev. 09/17)

    (8) Date of result (if you know):   06/30/2021

 (b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❒ Yes    ❒ No

    (7) Result:

    (8) Date of result (if you know):

 (c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241 (Rev. 09/17)

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

          ❐ Yes     ❐ No

      (7) Result: _____

      (8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

      (1) First petition:     ❐ Yes     ❐ No

      (2) Second petition:     ❐ Yes     ❐ No

      (3) Third petition:     ❐ Yes     ❐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

    **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** The trial court violated Petitioner's right to due process under the Fourteenth Amendment by finding him competent to stand trial despite uncontroverted evidence of significant intellectual disability.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   PLEASE SEE THE ACCOMPANYING EXPLANATION.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❒ Yes    ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

    (4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The operative document was the psychological report, however counsel may request leave to return to Common Pleas court by way of a stay-and-abey motion to proffer a motion to withdraw the plea under Crim.R. 32.1 of Ohio's Rules.

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____
_____
_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____
_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❒ Yes ❒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____
_____

Docket or case number (if you know): _____

Page 8 of 16

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?   ❒ Yes   ❒ No

(4) Did you appeal from the denial of your motion or petition?   ❒ Yes   ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❒ Yes   ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes    ❒ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❒ Yes     ❒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

    (3) Did you receive a hearing on your motion or petition? ❒ Yes    ❒ No

    (4) Did you appeal from the denial of your motion or petition? ❒ Yes    ❒ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes    ❒ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

AO 241 (Rev. 09/17)

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❐ Yes     ❐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

Page 12 of  16

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

 (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

 If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

 (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

 If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☒ Yes ☐ No

 If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

 Yes, see above concerning Zeigler's pro se sentencing appeal.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: Gary Rich, 342 Mahoning Avenue NW, Warren, Ohio 44483

   (b) At arraignment and plea: Gary Rich, 342 Mahoning Avenue NW, Warren, Ohio 44483

   (c) At trial: The case resolved by plea.

   (d) At sentencing: Gary Rich, 342 Mahoning Avenue NW, Warren, Ohio 44483

   (e) On appeal: Rhys Cartwright-Jones, 26 Market St., No. 302, Youngstown, Ohio 44503, note the pending pro-se appeal, supra.

   (f) In any post-conviction proceeding: None

   (g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ❐ Yes    ☒ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:
   (c) Give the length of the other sentence:
   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ❐ Yes    ❐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

   The petition is timely.

Page 14 of 16

AO 241 (Rev. 09/17)

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

grant an evidentiary hearing on the issue and a writ or conditional writ as appropriate

or any other relief to which petitioner may be entitled.

*s/ Rhys B. Cartwright-Jones*

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on   Electronically Filed   (month, date, year).

Executed (signed) on   November 20, 2025   (date).

Signed by Counsel

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

The signator is the petitioner's attorney, Rhys Cartwright-Jones, Ohio Bar No. 0078598

Page 16 of  16